19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth EAGLIN, Plaintiff-Appellant,
v.
Howard A. PETERS, III, et al., Defendants-Appellees.
 No. 92-3799.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1994.*
Decided March 21, 1994.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Kenneth Eaglin, an inmate of the Menard Correctional Institution, filed a civil rights complaint, which the district judge promptly dismissed as frivolous. 28 U.S.C. Sec. 1915(d). The essence of the complaint is that shortly after he mailed letters to the Governor of Illinois complaining about conditions in the prison, those conditions took a turn for the worse--that he was put in maximum security and deprived of showers and fresh laundry for six to ten weeks.
 
 
 2
 We must take the complaint in the light favorable to the plaintiff. In this light, the complaint narrates punishment for exercising a right expressly protected by the first amendment, the right to petition for redress of grievances. It may be that things will appear otherwise on closer examination. The district court believed that prison officials reacted not to the letters but to the non-literary contents of the envelopes, which included dead cockroaches as well as writing paper, and because Eaglin had been charged with sexual assault. Drawing such inferences from the complaint itself is improper. See Nietzke v. Williams, 490 U.S. 319 (1989). Eaglin tells us that the envelopes did not contain insects' remains, and that the letters rather than the pending charges led to the closer custody. Prison officials need not answer to the federal courts for putting a prisoner in closer confinement. Meachum v. Fano, 427 U.S. 215 (1976). But if they do this in response to speech protected by the Constitution, a remedy is available. Cain v. Lane, 857 F.2d 1139, 1143 (7th Cir.1988); Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987). That prison officials say they were not retaliating is not dispositive.
 
 
 3
 All we have is Eaglin's complaint, and Eaglin has not pleaded himself out of court. Quite the contrary, he has stated a cognizable claim. The complaint need not narrate the facts in detail; notice pleading under Fed.R.Civ.P. 8 applies to prisoners as well as free persons. The district court should have accepted the pleading and commenced the process by which the merits of the complaint may be ascertained.
 
 REVERSED AND REMANDED
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record